UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

VICTOR VEGA-ENCARNACION, *
    Plaintiff, *
     *
    v. *   CIVIL NO. 97-1370(PG)
     *
ROBERT MATHEWS, REGIONAL *
DIRECTOR, THE FEDERAL BUREAU *
OF PRISONS, ET AL., *
    Defendants. *

## OPINION AND ORDER

The Court referred the following motions to the U.S. Magistrate Judge for a report and recommendation: defendants' motion to dismiss and or summary judgment (Docket No. 5), and defendants' motion to dismiss for lack of personal jurisdiction, insufficiency of process and insufficiency of service of process (Docket No. 15). Co-defendant, Bruce Conger, joined defendants' motion to dismiss for insufficiency of service of process. (Docket No. 17). The Magistrate Judge issued a report recommending that the complaint be dismissed for failure to exhaust the administrative remedies. Plaintiff filed his opposition thereto. (Docket No. 35). The Court agrees with the Magistrate's report for the reasons that follow.

### BACKGROUND

This action was originally brought by plaintiff, Victor Vega-Encarnación, against the Regional Director of the Federal Bureau Of Prisons and various officials and or employees of the Bureau of

Civil No. 97-1370(PG)                                                    2

Prisons assigned to the Metropolitan Detention Center ("MDC") in their personal and official capacities for alleged violations to his rights while incarcerated at the MDC Guaynabo detention facility. The remedies sought in the original complaint were for declaratory, injunctive relief and damages. The complaint was amended after the defendants had filed a motion to dismiss and or for summary judgment raising plaintiff's failure to exhaust administrative remedies and his failure to state a claim upon which relief may be granted. (Docket No. 5). In the amended complaint plaintiff only seeks monetary relief against defendants.

## DISCUSSION

The Magistrate Judge concluded that plaintiff's Bivens[1] - type action is barred by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a)[2] because he failed to exhaust administrative remedies. Plaintiff claims that the PLRA is not applicable to cases where a federal prisoner asserts a Bivens claim seeking only monetary

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Section 1997e(a) provides: No action shall be brought with respect to prison conditions under section 1983 of this Title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a)(Supp. 1998).

damages because there is no available administrative remedy to exhaust through the Bureau of Prisons' grievance procedures.

Section 1997e(a) was substantially amended by passage of the PLRA which took effect on April 26, 1996. Prior to the passage of the Reform Act § 1997e(a) applied only to state prisoners; was entirely discretionary; subject to significant limitations; and required merely a stay, rather than dismissal. See Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998). Now, "[t]he plain language of the new statute and the legislative history of the Reform Act indicate that Congress intended that all prisoners, including federal prisoners, be required to exhaust their available administrative remedies before bringing a Bivens claim in federal court." Lavista v. Beeler, 195 F.3d 254, 256 (6th Cir. 1999).

However there has been a split in the circuits regarding the issue of whether a federal inmate filing a complaint pursuant to Bivens seeking only monetary relief must exhaust his or her administrative remedies under § 1997e(a) of the PLRA. Three circuits have held exhaustion is not required in Bivens-type actions by federal prisoners requesting monetary damages when exhaustion would be futile because no monetary administrative remedies are available. Id at 287 citing Whitley v. Hunt, 158 F.3d 882 (5th Cir. 1998); Lunsford v. Jumao-As, 155 F.3d 1178 (9th Cir. 1998); Garret v. Hawk,

Civil No. 97-1370(PG)                                                              4

127 F.3d 1263 (10th Cir. 1997). On the other side of the coin are three court of appeals and several district courts that have refused to apply a futile exception to § 1997e(a) in light of the way the PLRA amended the section. See e.g. <u>Nyhuis v. Reno</u>, 204 F.3d 65, 69 (3rd Cir. 2000); <u>Wyatt v. Leonard</u>, 193 F.3d 876, 878 (6th Cir. 1999); <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1328 (11th Cir. 1998); <u>Sallee v. Joyner</u>, 40 F. Supp. 2d 766, 770 (E.D. Va, 1999); <u>Beeson v. Fishkill Correctional Facility</u>, 28 F. Supp. 2d 884, 896 (S.D.N.Y. 1998). See also <u>Pérez v. Wisconsin Dept. of Corrections</u>, 182 F.3d 532, 537 (7th Cir. 1999) (a prisoner who seeks only monetary damages in a section 1983 action against prison officials must exhaust administrative remedies).

The First Circuit has not addressed the issue involved herein. After analyzing both sides of the coin, the Court agrees with the <u>Nyhuis</u> court that the plain-reading of the statute; together with the nature of prison litigation and Congress' intent in enacting the PLRA, plus the peculiarities of the prison administrative processes and the myriad policies underlying exhaustion requirements in general militates in favor of the position that the futility exception is not applicable in any case. In other words that the amended language in § 1997e(a) means what it says - i.e. that no action shall be brought in federal court until such administrative remedies as are available

Civil No. 97-1370(PG)                                                          5

have been exhausted. 204 F.3d at 78. Since Vega-Encarnación admittedly failed to exhaust his available administrative remedies (rather than those he believed would be effective) the action must be dismissed.[3]

Wherefore, in view of the above, the Court hereby Approves and Adopts the Magistrate Judge's report and recommendation, and in accordance therein, the complaint is hereby **DISMISSED**.

San Juan, Puerto Rico ___April___ _11_, 2000.

                                                _____
                                                JUAN M. PEREZ-GIMENEZ
                                                U.S. District Judge

---

[3] There is no need to entertain the other defenses raised by defendants, to wit, failure to state a claim upon which relief may be granted, lack of jurisdiction and insufficient service of process.